JOHNS *v.* STENGER.

CONVERSION—FRAUD—EVIDENCE—SUFFICIENCY—DIRECTED VERDICT.
Where, in an action for the conversion of certain furniture, plaintiffs' right to recover was based on the claim that, at the time said furniture was sold to plaintiffs, certain of the defendants fraudulently represented that they owned it whereas in fact they did not own it, and at the conclusion of plaintiffs' proofs they had failed to show that said defendants did not own said furniture at the time they sold it to plaintiffs, the trial court properly directed a verdict in favor of defendants.

Error to Wayne; Codd (George P.), J. Submitted October 13, 1926. (Docket No. 85.) Decided December 8, 1926.

Case by Thomas H. Johns and another against Fred C. Stenger, Fred W. Haines and others for the conversion of certain furniture. Judgment for defendants on a directed verdict. Plaintiffs bring error. Affirmed.

*Frank J. Riggs* (*V. E. Crossley,* of counsel), for appellants.

*Paul R. Dailey* (*Routier, Nichols & Fildew,* of counsel), for appellees Stenger.

*Clark, Emmons, Bryant & Klein,* for appellee Haines.

SHARPE, J. Plaintiffs' declaration alleges that on December 15, 1919, they purchased from the defendants Stenger the furniture in what is called the Janice apartments on Brush street in the city of Detroit for the sum of $7,000, and that the same was represented to them to be "free and clear from any liens or in-

Trover and Conversion, 38 Cyc. p. 2086.

cumbrances;" that they at once took possession and continued therein until September 24, 1920, when they sold the furniture to the defendant Josephine Slater for the sum of $10,000, of which $5,400 was paid in cash and the balance secured by chattel mortgage; that the defendants other than the Stengers claim ownership of said furniture; that the defendant Slater refuses and neglects to pay the moneys due under the chattel mortgage, and that the defendants Dye and Haines have taken possession of the property and converted it to their own use.

The last paragraph before the *ad damnum* clause reads:

"5. Plaintiffs further say that the combined efforts of the defendants, one with the other, for the purpose of defrauding the plaintiffs, have taken the possession of said property away from the plaintiffs and derived the benefit of sale of the same and converted said property and the money received therefrom to their own use."

At the conclusion of plaintiffs' proofs, the trial court, on motion, directed a verdict for all of the defendants. The plaintiffs review the judgment entered by writ of error. Counsel for plaintiffs concede that "no evidence was introduced linking the defendants" other than the Stengers and Fred W. Haines "with the fraud sued upon," and do not ask a reversal as to them.

Plaintiffs' right to recover is based on the claim that the Stengers fraudulently represented to them that they owned the furniture, whereas in truth and in fact they did not own it. It is in the latter particular that plaintiffs' proof fails. There is nothing in the record to assail the title of the Stengers except the testimony of the plaintiffs that defendant John W. Dye said that he owned the furniture and that Josephine Slater, after making two monthly payments on the chattel mortgage of $100 each, refused to make

further payments. The record discloses that plaintiffs' counsel sought to elicit the reason given for such refusal, and was denied the right to do so. The court would doubtless have permitted the answer to be taken had counsel announced an intention to follow it with competent proof that the title to the property rested in some one other than the Stengers. Such statement and refusal fall far short of proving that the Stengers did not have a good title to the property when they sold it to the plaintiff Thomas H. Johns. We find no error in the action of the court in directing a verdict for the appellees.

The judgment is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.